USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/17/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

ANTHONY LALLAVE,
  a/k/a "Tone,"
MICHAEL LILLO,
  a/k/a "Snow," and
DEWESE HUGHES,
  a/k/a "Special,"

            Defendants.

**PROTECTIVE ORDER**

20 Cr. 536 (VEC)

Upon the application of the United States of America, Audrey Strauss, Acting United States Attorney for the Southern District of New York, Assistant United States Attorney Jacob R. Fiddelman, of counsel, and with the consent of the defendants, through counsel, for an order limiting the dissemination of any and all discovery materials produced in connection with the above-captioned case, which contains sensitive information, it is hereby ORDERED that:

1. **Disclosure Material.** The Government has made and will make disclosure to the defendants of documents, objects and information, including electronically stored information, pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. §3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases (the "Disclosure Material"). The Disclosure Material will include material that (i) affects the privacy and confidentiality of individuals; (ii) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals; (iii) would risk prejudicial pretrial publicity if publicly disseminated; and/or (iv) that is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case.

2. **Sensitive Disclosure Material.** Certain parts of the Disclosure Material are expected to contain information that identifies, or could lead to the identification of, victims or witnesses who may be subject to intimidation or obstruction, and whose lives, persons, and property, as well as the lives, persons and property of loved ones, will be subject to risk of harm absent the protective considerations set forth herein; or information regarding certain undercover law enforcement personnel engaged in ongoing operations (collectively, "Sensitive Disclosure Material"). Any such material will be stamped or otherwise clearly marked "SENSITIVE" by the Government. The Government's designation of material as Sensitive Disclosure Material will be controlling absent contrary order of the Court.

3. Disclosure Material shall not be disclosed by the defendants or defense counsel, including any successor counsel (collectively, "the defense") other than as set forth herein, and shall be used by the defense solely for the purpose of defending this criminal action. The defense shall not post any disclosure material on any internet site or network site to which persons other than the parties hereto have access, and shall not disclose any Disclosure Material to the media or any third party except as set forth below.

4. Sensitive Disclosure Material must be maintained solely in the possession of defense counsel and personnel for whom defense counsel is directly responsible (i.e. employed by or retained by counsel). Sensitive Disclosure Material may be reviewed by the defendants only in the presence of counsel, and the defendants may not retain or possess Sensitive Disclosure Material.

5. Any party wishing to file Sensitive Disclosure Material with the Court for any reason shall, after consultation with the opposing party, seek authorization from the Court to file any such material under seal.

6. The defense may disseminate Disclosure Material that is not Sensitive Disclosure Material only to the defendants, defense counsel, investigative, secretarial, clerical, and paralegal personnel employed full-time or part-time by defense counsel, independent expert witnesses, investigators, or advisors retained by the defense counsel in connection with this action, and other prospective witnesses and their counsel, to the extent deemed necessary by defense counsel, for the purpose of defending this criminal action, and such other persons as hereafter may be authorized by the Court upon motion by the defendants.

7. The defense is prohibited from disseminating Disclosure Material to any named defendant who has not yet been apprehended or any such defendant's counsel.

8. The defense must destroy or return any Disclosure Material at the conclusion of the trial of this matter or when any appeal has terminated and the judgment has become final, subject to defense counsel's obligation to retain client files under the Rules of Professional Conduct.

[Remainder intentionally blank]

9. The provisions of this Order shall not terminate at the conclusion of this criminal prosecution, and the Court will retain jurisdiction to enforce this Order following termination of the case.

Dated: New York, New York
       November 17, 2020

AUDREY STRAUSS
Acting United States Attorney
for the Southern District of New York

By: _____
    Jacob R. Fiddelman
    Assistant United States Attorney

COUNSEL FOR                              COUNSEL FOR
ANTHONY LALLAVE                          DEWESE HUGHES

By: _____   By: _____
    Lawrence DiGiansante, Esq.           David Greenfield, Esq.

SO ORDERED:

_____
HONORABLE VALERIE E. CAPRONI
UNITED STATES DISTICT JUDGE

4